UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MICHAEL MACK | CIVIL ACTION NO. 07-0006 |
| VS. | SECTION P |
| BURL CAIN, WARDEN | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on or about January 3, 2007, by *pro se* petitioner Michael Mack. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary where he is serving consecutive sentences of life and 50 years imposed following his 2002 convictions for second degree murder and attempted second degree murder in the Third Judicial District Court, Lincoln Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the period of limitations set forth in 28 U.S.C. §2244(d).

*Statement of the Case*

Petitioner was found guilty as charged of second degree murder and attempted second degree murder on May 23, 2002. [doc. 1-1, paragraph 3(b)] On some unspecified date he was sentenced to consecutive sentences of life and 50 years without benefit of probation, parole, or

1

suspension of sentence. [id., paragraph 3(c)]

He appealed to the Second Circuit Court of Appeals. On June 27, 2003, the Second Circuit affirmed his conviction and sentence. *State of Louisiana v. Michael Larue Mack*, 37,174 (La. App. 2 Cir. 6/27/2003), 850 So.2d 1035.

On some unspecified date, he sought further direct review in the Louisiana Supreme Court. On January 16, 2004, that court denied writs. *State of Louisiana v. Michael Larue Mack*, 2003-2122 (La. 1/16/2004), 864 So.2d 628. Petitioner did not seek further direct review in the United States Supreme Court. [doc. 1-1, paragraph 6(d)]

Petitioner filed an Application for Post-Conviction Relief in the Third Judicial District Court on November 8, 2005. On some unspecified date, the application was denied without a hearing. [id., paragraph 7] On some unspecified date, he sought review in the Second Circuit Court of Appeals. On December 8, 2005, the Second Circuit denied relief in an unpublished order under Docket Number 40938-KH. [id.] He applied for writs in the Louisiana Supreme Court and on December 15, 2006, his writ application was denied. *State ex rel. Michael Mack v. State of Louisiana*, 2006-1235 (La. 12/15/2006), 944 So.2d 1281.

Petitioner's undated *habeas corpus* petition was received and filed on January 3, 2007.

*Law and Analysis*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) now provides a one-year statute of limitations for the

2

filing of applications for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[1]

The tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Thus, in order to do an accurate timeliness analysis under §2244(d)(1)(A), four dates are generally necessary: (1) the date upon which the judgment of conviction and sentence became final; (2) the date(s) upon which any applications for post-conviction or other collateral relief was properly filed; (3) the date upon which these applications for post-conviction or other collateral relief ceased to be properly filed; and, (4) the date upon which the federal *habeas corpus* petition was filed.

Petitioner appealed his conviction to the Second Circuit Court of Appeal; when that court affirmed his conviction he sought further direct review in Louisiana's Supreme Court. That court denied relief on January 16, 2004. *State of Louisiana v. Michael Larue Mack*, 2003-2122

---

[1] Petitioner does not suggest, nor do the pleadings imply, that the period of limitation should be reckoned from any of the other events described in subsections (B), (C), or (D) of §2244(d)(1).

3

(La. 1/16/2004), 864 So.2d 628.  For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" under 28 U.S.C. § 2244(d)(1)(A), ninety days after the Louisiana Supreme Court denied his petition, or on or about April 16, 2004[2], the last day on which he could have filed a petition for a writ of *certiorari* in the United States Supreme Court. See, U.S. SUP.CT. R. 13; see *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999).  Under 28 U.S.C. § 2244(d)(1) he had one year, or until April 16, 2005, to file his federal *habeas* petition.

Petitioner is unable to avail himself of the tolling provisions of §2244(d)(2) because by his own admission, he did not file his Application for Post-Conviction Relief until November 8, 2005 [doc. 1-1, paragraph 7(b)(iii)] and by that time, the AEDPA limitations period had already expired.  As shown above, once the limitations period has expired, it cannot be revived by the otherwise timely filing of an Application for Post-Conviction Relief. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

In short, petitioner's *habeas corpus* is barred by the timeliness provisions of the AEDPA and dismissal on that basis is recommended.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitations period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

---

[2] The ninety day period would have ended on April 15, 2004; however, because April 15th fell on a Sunday that year, petitioner had until the next business day, April 16th, to file his petition.

by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 26th day of February, 2007.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE